IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fox Joseph Salerno,<br><br>         Plaintiff,<br><br>vs.<br><br>Charles Ryan; et al.,<br><br>         Defendants. | No. CV-10-1633-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Anderson's Report and Recommendation ("R&R). (Doc. 16). For the reasons below, the Court will adopt the R&R.

**BACKGROUND**

Petitioner filed a petition for writ of habeas corpus (the "Petition") under 28 U.S.C. § 2254. (Doc. 1). The Petition argues his due process rights were violated when (1) he was convicted of a disciplinary violation without sufficient evidence; and (2) proper procedures and process were not followed in the disciplinary hearings. (Doc. 1). Respondents answered and Petitioner replied.

Petitioner is incarcerated in the Arizona Department of Corrections. In a January 11, 2008 letter, Petitioner accused a correctional officer "CO III A. Sambora" ("Sambora") of failing to process Petitioner's grievance requests. (Doc. 8, Ex. A, at 38). Petitioner wrote a letter to Sambora stating Petitioner was "going to contact a friend and find [her] home address and . . . drop off [Petitioner's] grievance personally." (Id.). The letter also stated

1  Petitioner was "going to cost [her] so much time, money and aggravation until [she] regret[s]
2  violating policy, " and that "this is not a threat, it is a way to get you to do your job." (Id.).
3  Upon receiving the letter, Sambora completed an information report and issued an
4  inmate disciplinary report charging Petitioner with a group B-04 disciplinary violation for
5  Extortion or Intimidation. (Doc. 8, Ex. A, at 34, 40). An extension of time was granted to
6  complete an investigation and due to a case backlog. (Id., Ex. A, at 43). On February 1,
7  2008, Sambora received an email from Criminal Investigations Unit Officer Mariscal. (Id.,
8  Ex. A, at 45). Mariscal informed Sambora about Petitioner's statements in an unrelated
9  investigation. (Id.). Specifically, Petitioner stated "he was going to send a friend (ex-
10 convict) to [Sambora's house] to scare [her] to give him his money for the lost items . . . ."
11 (Id., Ex. A, at 45).

12 On May 5, 2008, Petitioner pled not guilty and evidence was presented at a
13 disciplinary hearing. The disciplinary officer found "it is more probably true than not that
14 inmate Salerno #63416 committed the violation based on the [disciplinary report]." (Doc.
15 8, Ex. A, at 57). The hearing officer considered that Petitioner had admitted writing the
16 letter, and had "stated he was mad when he wrote the [letter]." (Id.). Petitioner appealed the
17 disciplinary officer's decision, and it was affirmed. (Id., Ex. A, at 59, 61).

18 The R&R recommends the Court deny the Petition and deny the certificate of
19 appealability. The R&R found Petitioner was given notice, permitted to present evidence, and
20 received a written statement explaining the reasons for the disciplinary action and the
21 evidence relied upon. (Doc. 16, at 5-6); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).
22 The R&R also found there was at least "some evidence" of Petitioner's guilt of the
23 disciplinary charge. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The R&R also found
24 the four-month delay in holding a disciplinary hearing did not violate Petitioner's due process
25 rights.
26 / / /
27
28 **ANALYSIS**

**A.      Standard of Review**

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected to portions. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**B.      R&R is Adopted in Full**

Plaintiff objects to only one aspect of the R&R: the determination that the letter in question amounted to a threat. (Doc. 17). Petitioner argues this determination was error because: (1) "the court failed to consider [the] entire letter"; (2) the "disciplinary conviction classified [the] letter as extortion" and "it is improper for [the] court to ignore extortion part and only rule on threatening"; and (3) the R&R improperly took into account that Petitioner is a prisoner and the letter was directed at a prison guard. (Id.).

Under *Superintendent v. Hill*, due process requires "some evidence" support the administrative decision. 472 U.S. 445, 454 (1985). "An examination of the entire record is not required nor is an independent assessment of the credibility of the witnesses or weighing of the evidence." *Id.* The question is whether the disciplinary board's conclusion is support by any evidence that bears some indicia of reliability. *Id.; Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). "[D]ue process is satisfied when the record contains some factual information from which a committee can reasonably conclude that the information was reliable." *Carillo v. Stainer*, 1997 WL 16312, *8 (N.D. Cal. Jan. 6, 1997).

Here, there is "some evidence" the letter was a threat. In the letter, Petitioner stated he was going to send a "friend" to "find [Sambora's] home address and . . . drop off [Petitioner's] grievance personally." The letter also stated Petitioner was "going to cost [her] so much time, money and aggravation until [she] regret[s] violating policy," and that this "is a way to get you to do your job." Petitioner also admitted to being "mad" when he wrote the letter. This evidence satisfies the requirement that the administrative decision be supported

1 by "some evidence." *Hill*, 472 U.S. at 454.

2 The R&R need not recite the entire letter to find "some evidence" of a threat. The fact that the R&R upheld the disciplinary decision based on a threat rather than extortion also does not change the fact that there was "some evidence" of a threat. Finally, Petitioner has not cited any authority supporting his argument that his due process rights were violated because the R&R acknowledged the "actors." The circumstances of a statement may be considered in determining whether the contents were threatening. As such, Petitioner's objection is without merit, and the R&R will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (**Doc. 16**) is **ADOPTED IN FULL**. The Petition (**Doc. 1**) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 23rd day of November, 2011.

*[signature]*
Roslyn O. Silver
Chief United States District Judge